*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GRACE HOWARD,

        Plaintiff-Appellant,

v

BRUCE SMOLER,

        Defendant-Appellee.

UNPUBLISHED
June 17, 2026
11:19 AM

No. 374828
Wayne Circuit Court
LC No. 24-014662-NH

Before: GADOLA, C.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Plaintiff, Grace Howard, appeals as of right the trial court's order granting defendant, Bruce Smoler, summary disposition under MCR 2.116(C)(7) of her complaint alleging medical malpractice. We affirm.

## I. FACTS

Defendant is a dentist. On March 28, 2022, plaintiff received dental treatment from defendant, which included several dental implants. Plaintiff alleges that the next day, she noticed that her bite was misaligned and that her chin was tingling. Plaintiff alleges that defendant thereafter attempted to correct plaintiff's implants but was unable to satisfactorily resolve plaintiff's dental problems. Plaintiff alleges that as a result of the dental implants, she experienced hearing problems and was diagnosed with hearing loss, TMJ, and tinnitus, and thereafter was hospitalized with pneumonia, which plaintiff alleges resulted from swallowing excess saliva caused by the dental implants. Plaintiff alleges that while hospitalized, she was diagnosed with the early stages of Alzheimer's disease.

Plaintiff also asserts that although she requested her medical records from defendant, he refused to provide the records. By contrast, defendant asserts that he provided plaintiff with her dental records and that the records were reviewed by David M. Juliani, D.D.S., who drafted the Affidavit of Merit that plaintiff submitted in support of her complaint.

The parties do not dispute that plaintiff served defendant with a Notice of Intent on March 26, 2024. Plaintiff then filed her complaint October 4, 2024. In lieu of filing an answer to the

-1-

complaint, defendant moved for summary disposition under MCR 2.116(C)(7), asserting that plaintiff's claim was barred by the statute of limitations. The trial court granted defendant's motion. At the hearing on the motion, the trial court stated:

> I believe Defendant's position is correct, and unfortunately none of Plaintiff's arguments are sufficient to refute that. It is undisputed that this lawsuit arises out of dental treatment that Plaintiff received from Defendant on March 28, 2022. Consequently, the two-year statute of limitations set forth in MCL 600.5805(8) would have expired on March 28, 2024 absent any tolling.

> It is undisputed that Plaintiff served her NOI on March 26, 2024, i.e., just two days prior to the expiration of the applicable statute of limitations. Pursuant to MCL 600.2912b(1) the 182 day tolling period expired on [September] 24, 2024. Plaintiff then had two days left to file her Complaint, as such Plaintiff was required to commence her lawsuit no earlier than September 24, 2024, and no later than September 26, 2024 in accordance with MCL 600.5856(c) and the case of *Burton*.

> It is undisputed that Plaintiff did not file her Complaint until October 4, 2024. Moreover, the evidence and arguments presented by Plaintiff clearly demonstrate that her struggles with the e-filing system were self-inflicted due to the fact that she forgot her password and then experienced repeated rejections of her pleadings due to noncompliance with the court rules/e-filing guidelines.

> MCR 1.109(G)(7) clearly provides that transmission failures caused in whole or in part by the actions or inactions of the user preclude me from deeming her document filed on the date that she first attempted to file it. Plaintiff's argument regarding Defendant's alleged failure to timely provide her medical records is also not persuasive, because MCL 600.2912d(3) provides that such a delay by Defendant only excuses the timely filing of Plaintiffs AOM, not her Complaint.

> Consequently, Plaintiff's cause of action is barred by the statute of limitations set forth in MCL 600.5805(8) such that Defendant is entitled to summary disposition under [MCR 2.116](C)(7). There's no outstanding factual dispute with respect to the fact that Plaintiff's Complaint isn't time-barred under the applicable statute of limitations set forth in MCL 600.5805(8).

Plaintiff now appeals the trial court's order granting defendant summary disposition under MCR 2.116(C)(7).

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendant summary disposition of her complaint on the basis that her claim is barred by the statute of limitations. Plaintiff argues that she filed her complaint timely on September 26, 2024, but that the trial court clerk's office failed to process the complaint until October 4, 2024. We disagree that the trial court erred.

We review de novo the trial court's decision to grant or deny summary disposition. *Sunset Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023).

Summary disposition under MCR 2.116(C)(7) is warranted when the claim is barred by the statute of limitations or other basis stated under MCR 2.116(C)(7). *Spine Specialists of Mich, PC v MemberSelect Ins Co*, 345 Mich App 405, 408; 5 NW3d 108 (2023). When considering a motion under MCR 2.116(C)(7), we accept the allegations of the complaint as true unless contradicted by the documentation submitted by the moving party. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020). If no factual dispute exists, whether a claim is barred by a basis set forth in MCR 2.116(C)(7) is a question of law. *Id*. In this case, although the parties may dispute the underlying facts of plaintiff's claim, plaintiff's complaint was dismissed as barred by the statute of limitations. Therefore, the facts relevant to our review here pertain to whether plaintiff timely filed her complaint.

The parties do not dispute that in a case alleging medical malpractice,[1] the applicable period of limitations is two years from the time the claim accrues. MCL 600.5805(8) ("Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice"). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice claim that is not commenced within the statutorily established time limits is barred. MCL 600.5838a(2); *Hubbard v Stier*, 345 Mich App 620, 626; 9 NW3d 129 (2023).

In this case, according to plaintiff's complaint the alleged medical malpractice occurred March 28, 2022, the day of the dental implant surgery. Therefore, absent any tolling, the limitations period was set to expire two years later on March 28, 2024. However, MCL 600.2912b(1) requires a plaintiff alleging medical malpractice to give the defendant written notice of intent to sue at least 182 days before the plaintiff files suit; the 182-day notice period must elapse from the time the Notice of Intent (NOI) is submitted before the plaintiff may file suit. *Hubbard*, 345 Mich App at 631. When a plaintiff submits an NOI before the expiration of the limitations period, and the limitations period otherwise would expire during the 182-day notice period, the running of the limitations period is tolled during the 182-day notice period. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 307; 901 NW2d 577 (2017). Here, the parties agree that plaintiff submitted her NOI on March 26, 2024, two days before the expiration of the two-year limitations period. The 182-day tolling period expired on September 24, 2024. Plaintiff

---

[1] In Michigan, "[a] medical malpractice claim may be brought against any 'licensed health care professional.' " *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 19; 651 NW2d 356 (2002), quoting MCL 600.5838a(1). A licensed health care professional is " an individual licensed or registered under article 15 of the public health code, . . . being sections 333.16101 to 333.18838 of the Michigan Complied Laws, and engaged in the practice of his or her health profession in a sole proprietorship, partnership, professional corporation, or other business entity." MCL 600.5838a(1)(b). The parties in this case do not dispute that defendant is "an individual licensed under this article to engage in the practice of dentistry." MCL 333.16601(c). Because it is undisputed that defendant is an individual licensed under the public health code, plaintiff's claim of injury from dental procedures is a claim of medical malpractice subject to MCL 600.2912d.

then had two days to file her complaint, that is, no later than September 26, 2024, in accordance with MCL 600.5856(c) to avoid the statute of limitations barring her claim.

The trial court record indicates, and the trial court found, that plaintiff filed her complaint in this matter October 4, 2024. Plaintiff, in fact, dated her complaint October 4, 2024. Plaintiff argues that she attempted to e-file her complaint on September 26, 2024, but that the pleading was rejected repeatedly. Plaintiff asserted that initially she forgot her MI-File password and that later her complaint was rejected by the trial court clerk for lack of a valid signature.

MCR 1.109(D)(6) provides that the clerk of the court "may reject nonconforming documents as prescribed by MCR 8.119," which limits the clerk's rejection to documents that do not comply with MCR 1.109(D)(1) and (2), MCR 1.109(E), or MCR 2.002(B). See MCR 8.119(C). Plaintiff nonetheless argues that the trial court should have considered her complaint timely filed under MCR 1.109(G)(5)(b), which provides:

> (b) A document submitted electronically is deemed filed with the court when the transmission to the electronic-filing system is completed and the required filing fees have been paid or waived. . . . A transmission is completed when the transaction is recorded as prescribed in subrule (c). Regardless of the date a filing is accepted by the clerk of the court, the date of the filing is the date submitted. . . .

However, MCR 1.109(G)(7) provides, in relevant part:

> (a) In the event the electronic-filing system fails to transmit a document submitted for filing, the authorized user may file a motion requesting that the court enter an order permitting the document to be deemed filed on the date it was first attempted to be sent electronically. The authorized user must prove to the court's satisfaction that:
>
> > (*i*) The filing was attempted at the time asserted by the authorized user;
> >
> > (*ii*) The electronic-filing system failed to transmit the electronic document, and
> >
> > (*iii*) The transmission failure was not caused, in whole or in part, by any action or inaction of the authorized user. A transmission failure caused by a problem with a filer's telephone line, ISP, hardware, or software shall be attributed to the filer.

In other words, plaintiff argues that although the complaint she attempted to file on September 26, 2024, was rejected as defective by the clerk of the court, the defect-free complaint she later filed on October 4, 2024 should relate back to the date she attempted to file her initial, defective complaint. This Court recently rejected that argument in *Goff v Vitti*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 371827); slip op at 4, reasoning:

In *Jones* [*v Kreis Enderle Hudgins & Borsos PC*, unpublished opinion of the Court of Appeals, issued December 22, 2020 (Docket No. 348378), p 4-5], this Court held that the clerk's acceptance of a complaint established the operative date for determining whether an electronically filed complaint complied with the statute of limitations period. We reasoned that the emphasized language of MCR 1.109(G)(5)(b) expressly refers to electronic filings that are "accepted by the clerk." *Id*. at 4. Because the defective complaint in *Jones* was rejected, this Court held that the plaintiff's subsequent defect-free complaint could not relate back to the filing date of the rejected complaint. We adopt this persuasive reasoning given the plain language of the court rule. This interpretation is further bolstered by the fact that rejected documents do not become part of the record, MCR 1.109(G)(5)(a)(*iii*); if a filing is rejected, there is nothing in the record for the subsequent filing to relate back to. Accordingly, we hold that under the plain language of MCR 1.109(G)(5)(b), the operative filing date is the date a document is electronically submitted so long as the document is accepted by the clerk of the court.

In this case, the trial court found that plaintiff's failure to timely file her complaint was the result of her own failures, reasoning that "the evidence and arguments presented by Plaintiff clearly demonstrate that her struggles with the e-filing system were self-inflicted due to the fact that she forgot her password and then experienced repeated rejections of her pleadings due to noncompliance with the court rules/e-filing guidelines." Plaintiff argues that in so ruling, the trial court failed to consider the material facts of the case. However, plaintiff did not avail herself of the opportunity to file a motion or otherwise to present proof to the trial court sufficient to demonstrate that her failure to timely file her complaint was not the result of her own filing failures. Moreover, even though plaintiff did not file a motion, the trial court nonetheless considered plaintiff's explanation for the late filing of her complaint and concluded that plaintiff presented no explanation that was not attributable to plaintiff's own failure to comply with the filing procedures. Finally, in accordance with *Goff*, plaintiff's filing of the complaint on October 4, 2024, cannot be deemed to relate back to the date of plaintiff's defective complaint that she attempted to file September 26, 2024, because the earlier complaint was rejected. See *Goff*, ___ Mich App at ___ slip op at 4. Because plaintiff failed to file her complaint before the running of the limitations period, we conclude that the trial court did not err by granting defendant summary disposition.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica